IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61411-CV-MOORE/TORRES

PATTIE DEBOSE, et al.,

    Plaintiffs,

vs.

BROWARD HEALTH, f/k/a
NORTH BROWARD HOSPITAL
DISTRICT,

    Defendant.
_____/

### PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S TRIAL EXHIBITS THAT WERE NOT PREVIOUSLY DISCLOSED

Plaintiffs, by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 26 and 37, and Local Rule 16.16(b), hereby moves to strike Defendant's Trial Exhibits that were not disclosed to Plaintiffs until three days prior to the pretrial conference set for May 12, 2009. In accordance with Local Rule 7.1.A3, the undersigned certifies that prior to filing this motion, the parties conferred in an unsuccessful attempt to resolve the issues by agreement. As grounds for this motion, Plaintiff state as follows:

1.     Pursuant to the Court's Paperless order Scheduling Trial in Miami [D.E. 19], the pretrial conference in this case is set for Tuesday, May 12, 2009, at 9:00 a.m., with the parties' Joint Pretrial Stipulation due five days before the pretrial conference, or by Thursday, May 7, 2009. The trial of this matter is currently set for the two-week docket commencing May 26, 2009.

2.      By order entered May 7, 2009, the parties were granted an extension of time within which to file the Trial Witness and Exhibit Lists, which are due by 5:00 p.m. on Monday, May 11, 2009.

3.      On Saturday, May 9, 2009, via email, Defendant's counsel provided the undersigned with 254 pages of documents that were not previously disclosed in this case, each of which is listed on Defendant's Trial Exhibit List for the case. The documents consist largely of email communications between various employees and supervisors in the Patient Access Department about overtime hours and lunch breaks, which are key issues in this case. The documents were retrieved from Defendant's computer system, which means that Defendant has had possession, custody and control of such documents since the inception of this case in September 2008.

4.      None of the additional documents produced on May 7, 2009 were previously disclosed to Plaintiff during the discovery period for this case, which ended on March 16, 2009, nor were they provided during the Plaintiff's depositions, which were taken by agreement in April 2009.  In that many of the emails were sent or received by Plaintiffs themselves, the failure to produce the documents before Plaintiffs depositions has severely prejudiced the undersigned's ability to prepare for the trial in this case, which starts in two weeks. In essence, it appears that Defendant intends to ambush the Plaintiffs with these key but previously-undisclosed documents at trial, which is exactly the type of tactics that the federal rules were designed to prevent.

5.      Although the parties are continuing to take post-discovery depositions by agreement in this case, Defendant's last minute disclosure of these key documents unfairly prejudices the Plaintiffs ability to depose the remaining witnesses in the case, since there is little

time for Plaintiffs' counsel to review the documents with his clients before the remaining depositions and there will be no time to conduct any follow-up discovery regarding the exhibits that were not disclosed until the day before the pretrial conference.

### **MEMORANDUM OF LAW**

Pursuant to Federal Rule 26 and Local Rule 26.1 and 16.1, a party is under a continuing obligation to disclose witnesses and exhibits during litigation. In fact, Rule 26(e) imposes an ongoing and broad reaching duty to supplement or correct disclosures made earlier in the case. *See also* Local Rule 26.1.A. In the event a party fails to comply with its duty to timely supplement its discovery responses, the Court may preclude the use of such material at trial, unless the violator can show a substantial justification for the late disclosure. *See* Local Rule 16.1.I and 16.1.M.

In the instant case, Defendant produced over 250 pages of documents a mere three days before the pretrial conference set for May 11, 2009, and less than three weeks before the trial, which is set for the two-week docket commencing May 26, 2009. Under the federal and Local Rules, Defendant should not be permitted to use such documents at trial unless it can show a substantial justification for the late disclosure and that the failure to timely disclose the documents was harmless. *See, e.g., Nguyen v. IBP, Inc*., 162 F.R.D. 675, 679-680 (D. Kan. 1995) (burden of establishing substantial justification or harmlessness is on party who failed to make required disclosure). However, it is doubtful that Defendant can make such a showing in this case given that all of the late-produced documents were in its possession custody and control during the entire litigation, and there is no reasonable explanation for why the documents were not produced until three days before the pretrial conference.

3

The purpose for allowing courts to exclude late-disclosed evidence is to provide parties with an incentive to timely disclose all material in support of their positions that they intend to use during the course of the litigation, and to prevent parties from obtaining a tactical advantage at trial by delaying the production of key evidence until trial. The drafters of Rule 37 described the evidence preclusion sanction for a party's failure to make mandatory disclosures as "self-executing" and "automatic." *See* FED.R.CIV.P. 37(c) (1993 advisory committee note).

In sum, Defendant's late disclosure of 256 pages of documents at the eleventh hour before trial has severely prejudiced Plaintiffs ability to prepare for trial in this case, and it is the type of tactic which the drafters of the federal rules sought to combat. The Court should therefore strike the exhibits from Defendant's Exhibit List, and prohibit Defendant from utilizing the late-disclosed documents in any manner at the trial of this case.

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests the entry of an order striking Defendant's exhibits that were not disclosed until three days before the pretrial conference.

                                              Respectfully submitted,

By:   /s/ Christopher C. Sharp
       Christopher C. Sharp, Esq.
       Fla. Bar No. 996858
       Email: csharplaw@aol.com
       SHARP LAW FIRM, P.A.
       7350 N.W. 5th Street
       Plantation, Florida 33317
       Tel:   (954) 617-6017
       Fax:  (954) 617-6018

Dated: May 11, 2009                       Counsel for Plaintiffs

**Certificate of Service**

   I hereby certify that on May 11, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          By: s/Christopher C. Sharp
             Christopher C. Sharp

**SERVICE LIST**
CASE NO. 08-61411-CV-MOORE/TORRES

Caran Rothchild, Esq.
E-Mail: crothchild@gtlaw.com
Kristina L. Arnsdorff, Esq.
E-Mail: arnsdorffk@gtlaw.com
GREENBERG TRAURIG, P.A.
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477
Attorneys for Defendant
Method of Service: CM/ECF

Christopher C. Sharp, Esq.
SHARP LAW FIRM, P.A.
7350 N.W. 5th Street
Plantation, FL 33317
Tel.: (954) 617-6107
Fax: (954) 617-6018
E-Mail: csharplaw@aol.com
Counsel for Plaintiff