`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-61411-CIV-MOORE/SIMONTON

PATTIE DEBOSE, et al.,

    Plaintiffs,

v.

BROWARD HEALTH, f/k/a
NORTH BROWARD HOSPITAL
DISTRICT,

    Defendant.
_____/

<u>ORDER ON PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S TRIAL
EXHIBITS THAT WERE NOT PREVIOUSLY DISCLOSED and DEFENDANT'S MOTION TO
STRIKE WITNESSES FROM PLAINTIFFS' TRIAL WITNESS LIST</u>

    Presently pending before this Court are Plaintiffs' Motion to Strike Defendant's Trial Exhibits That Were Not Previously Disclosed (DE # 38) and Defendant North Broward Hospital District d/b/a Broward Health's Motion to Strike Witnesses from Plaintiffs' Trial Witness List (DE # 40).  These Motions have been referred to the undersigned Magistrate Judge (DE # 5).  A hearing on these Motions was held on May 19, 2009, at which time oral rulings were announced.  This Order sets forth the rulings made at that hearing, and incorporates by reference the reasons stated on the record.  For the following reasons, Plaintiffs' Motion to Strike the exhibits is GRANTED, in part, and the exhibits may only be used for purposes of impeachment.  The Defendant's Motion to Strike the witnesses is GRANTED.

    I.    <u>BACKGROUND</u>

    On September 5, 2008, Plaintiff Pattie Debose ("Debose") filed a collective action lawsuit on behalf of herself, and all other similarly situated, requesting relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.  According to the

Complaint, Plaintiff was employed as a Financial Counselor in the Patient Access Department for Defendant North Broward Hospital District d/b/a Broward Health ("Broward Health") and regularly worked in excess of forty hours per week without receiving overtime compensation (DE # 1).  The Complaint further alleges that other non exempt employees of the Patient Access Department performed similar functions as Ms. Debose and also were not properly compensated for their work that exceeded forty hours in a given work week.   After the Complaint was filed, several other former employees of Broward Health executed Consent to Join Forms (DE ## 3, 7, 9, 10, 11). The parties then filed a stipulation in which they agreed that these employees would be treated as additional plaintiffs and that the case would proceed as a seven-plaintiff action rather than as a collective action (DE # 34).[1]

On October 20, 2008, Defendant Broward Health filed an Answer and Affirmative Defenses asserting, *inter alia*, that Plaintiff Debose was properly compensated for all work time and that any time that Plaintiff was not compensated for was *de minimis* (DE # 16).  Defendant also raised statute of limitations and Plaintiff Debose's failure to notify Broward Health of her overtime hours as affirmative defenses.

On November 25, 2008, the Court issued a paperless Order scheduling this matter for the two-week trial period commencing on May 26, 2009 (DE # 19).  That Order directed that all discovery had to be completed seventy (70) days prior to the trial date and set the final pretrial conference for May 12, 2009.

On May 11, 2009 each Party filed their respective trial witness and exhibit lists (DE

---

[1] Consent to join forms were filed for Eupehmia Duncan, Yolanda McDuffie, Lucille Mckinney, Mary Glenn-Mltchell, Kalissa Anderson-Whilby, Pattie Debose and Damariz Perez.

##s 37, 39). On the same day, each Party filed the instant motions to strike seeking to prohibit the other Party from calling certain witnesses, or introducing certain exhibits, at trial, due to each Party's alleged failure to timely disclose the witnesses and trial exhibits.

On May 12, 2009, the undersigned issued a paperless Order setting the Motions to Strike for a telephonic hearing and directing the Parties to file their respective responses, if any, by 1:00 p.m. on May 18, 2009. Defendant filed a Response in Opposition to Plaintiffs' Motion to Strike (DE # 43), and Plaintiff replied (DE # 44). Plaintiffs did not file a response to Defendant's Motion to Strike but, but responded orally at the hearing, as permitted by the Court.

Although this matter was originally set for the two week trial period commencing on May 26, 2009 in Miami, on May 19, 2009 the District Judge issued an Amended Scheduling Order resetting the trial for the two week period commencing on June 22, 2009 in Fort Lauderdale based upon the Parties request that the matter be tried in Ft. Lauderdale (DE #42, 45).

> II.  **PENDING MOTIONS**
>
>> A.  **Plaintiffs' Motion to Strike Defendant's Trial Exhibits That Were Not Previously Disclosed (DE # 38)**

Plaintiffs filed their Motion to Strike seeking to strike certain of Defendant's trial exhibits that Plaintiffs assert were not disclosed until three days prior to the pretrial conference held on May 12, 2009. Specifically, Plaintiffs assert that on May 9, 2009, Defendant's counsel provided Plaintiffs' counsel with 254 pages of documents that were not previously disclosed. These documents consisted primarily of email communications between Patient Access Department employees and their supervisors

3

related to overtime hours and lunch breaks.[2]  Plaintiffs assert that because discovery closed in this case on March 16, 2009, they were severely prejudiced by Defendant's tardy disclosure of the documents.  Specifically, Plaintiffs complain that they were deposed prior to having an opportunity to review the emails.

In its Response in opposition, Defendant argues that the allegations by Plaintiffs that relate to unpaid hours for meal breaks were not raised until Plaintiffs' depositions in April 2009.  Defendant contends that it had requested deposition dates for the Plaintiffs earlier in the discovery period which Plaintiffs' counsel did not accommodate.  As a result of the delay in Plaintiffs' depositions, Defendant asserts that it was not aware of the "new allegations" by Plaintiffs earlier and therefore did not produce the relevant emails during the course of discovery.  Defendant identifies two sets of documents which were not produced to the Plaintiffs until after their depositions: the first being a sampling of emails from the Patient Access Department advising employees to "work-off" overtime hours (Bates Nos. NBHD 3917-3982); and the second, miscellaneous Patient Access Department emails, including admissions by Plaintiffs, which refute statements about the inability of employees to take breaks due to understaffing (Bates Nos. NBHD 3983-4170).  In addition, Defendant asserts that although various discovery requests were propounded on the Plaintiffs on February 12, 2009, none of the responses to Requests for Production were served until March 30, 2009, and the answers to Interrogatories were not served until immediately before the Plaintiffs' depositions, which commenced on April 7, 2009.  Defendant contends that it became aware that the

---

[2] Plaintiffs acknowledged at the hearing that they do not seek to strike the FLSA Handbook and FLSA Factsheet (Bates Nos. NBHD 4144-4170) that Defendant produced after the close of discovery, but only seek to strike the emails.

meal breaks were the primary bases for Plaintiffs' claims, and that they also contended that the increased workload required overtime work through their lunch break, and they did not have time to send emails seeking permission to work overtime.

In Plaintiffs' Reply to Defendant's Motion to Strike, Plaintiff submitted copies of emails between the Parties' counsel dated December 19, 2009 wherein counsel for the Plaintiff stated that most of the claims of the Plaintiffs are based on working through their lunch hours (DE 44-3 at 1). Plaintiffs also submitted an email dated January 2, 2009, between counsel wherein Plaintiffs' counsel states that he would like to obtain the time records so that he could provide a supplemental calculation of damages on the lunch hour claims. In addition, Plaintiffs provided a copy of Plaintiffs' Initial Disclosures dated December 19, 2009 wherein they identified witnesses who were believed to have knowledge of "Defendant's practice of requiring employees to work through their lunch hours without being paid for such time." (DE # 44-2 at 2).

Finally, Plaintiffs submitted the Defendant's Initial Disclosures that were served on the Plaintiffs on January 8, 2009 (DE #44-5, pgs 2-8). The Defendants Initial Disclosures referred to certain documents, including electronically stored information, but made no reference to any emails between the Plaintiffs and their supervisors. Plaintiffs contended that the failure to provide these documents as part of the mandatory disclosures should result in the exclusion of these documents at trial.

At the hearing on May 19, 2009, Defendant's counsel maintained her position that Defendant was not aware that this case involved claims related to the failure to pay Plaintiffs for the time they worked through their regularly scheduled lunch break. Counsel asserted that only two of the Plaintiffs had expressly referred to lunch time pay issues in their Statements of Claim, and that she believed that those issues were

resolved when the Defendant provided certain time keeping records to the Plaintiffs.  In addition, Defendant argued that the Plaintiffs raised new allegations for the first time in their depositions that they did not have enough time to email their superiors regarding working through their meal breaks.  When asked how these newly produced documents would be used, Defendant indicated that the newly produced documents would be used primarily for impeachment of the Plaintiffs on whether they had sufficient time to email their superiors about working during meal time, and whether they were told to take other time off if they worked through their lunch breaks.

Plaintiffs countered that this case has always involved lunch/meal break claims and further argued that the documents at issue were specifically requested in the Plaintiffs' First Request for Production of Documents that were propounded on the Defendants much earlier in the litigation.  Specifically, Plaintiffs argued that the emails produced by the Defendant were responsive to Plaintiffs' Request for Production No. 2 that sought all documents that evidenced the terms and conditions of Plaintiffs' employment with Defendant.  Plaintiffs argued that although the language used in the Request for Production of Documents does not refer to emails, that the term "documents" usually includes emails in this era.  In addition, Plaintiffs contended that the last Request for Production also requested that Defendant make its server or hard drive available for inspection if any of the documents responsive to the Requests for Production were maintained on the Defendant's computer system.

> B.   <u>Defendant North Broward Hospital District d/b/a
>      Broward Health's Motion to Strike Witnesses
>      from Plaintiffs' Trial Witness List (DE # 40)</u>

Defendant filed its Motion to Strike seeking to have four witnesses, Roman Volynsky, Pierre Roc, Thomas DeGraaf and Lorna Cummings, stricken from the

Plaintiffs' Trial Witness List.  According to the Motion, the Plaintiffs submitted a Trial Witness List that listed twenty-three (23) witnesses Plaintiffs were likely to call at trial and twenty-two (22) witnesses that Plaintiffs might call at trial, and included the names of four witnesses who had not been previously identified by Plaintiffs in any of their submissions nor in response to Plaintiffs' Answers to Broward Health's First Set of Interrogatories.  Defendant claimed that permitting these witnesses to testify at trial would hinder their ability to properly defend this action since there is little or no time to depose them.

Plaintiffs did not file a response to Defendant's Motion to Strike, but responded orally at the hearing.  Plaintiffs withdrew Roman Volynsky and Lorna Cummings as witnesses from their witness list, thus limiting the dispute to the other two witnesses, Pierre Roc and Thomas De Graaf.  Plaintiffs stated that these witnesses were co-workers of the Plaintiffs, and would corroborate the testimony of the Plaintiffs that they worked through their meal breaks, and that this was common knowledge.  Plaintiffs also argued that the four witnesses were added to the witness list in response to the late production of emails by Defendant which listed the names of those four witnesses as recipients of various emails that were forwarded to all members of the Patient Access Department.  However, Plaintiffs did not contend that those witnesses were unknown to the Plaintiffs prior to the receipt of Defendants' emails after the close of discovery.

Defendant argued that the names of witnesses had been properly requested in Defendant's discovery requests, yet Plaintiffs had failed to identify these witnesses as persons with relevant knowledge.

### III.     ANALYSIS

Rule 26 of the Federal Rules of Civil Procedure requires, *inter alia*, that initial

disclosures must be made by a party without awaiting a discovery request. Those disclosures include,

> the name and, if known, address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment

and

> ...all documents, electronically stored information...that the disclosing party has in its possession, custody, or control, and may use to support it claims or defenses, unless the use would be solely for impeachment;

Fed. R.Civ.Pro. 26 (a)(1)(A)(i) and (ii). In addition, Rule 26 also requires that parties make Pretrial Disclosures thirty days before trial of witnesses and exhibits that a party may present at trial, unless the witnesses or exhibits are going to be used solely for impeachment.

Further, Rule 37 provides that when a party fails to comply with discovery, a court may strike portions or the entirety of a pleading. *Bearint v. Dorel Juvenile Group, Inc.*, 389 F.3d 1339, 1349 (11th Cir. 2004)(citation omitted). Finally, when reviewing a court's decision to exclude the testimony of an untimely disclosed witness, the Eleventh Circuit Court of Appeals has examined: (1) the importance of the testimony, (2) the reason for the failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness had been allowed to testify. *Id.* at 1353.

### i) Defendant's Emails (Bates Nos. NBHD 3917-4143)

Based upon the submissions and the arguments made at the hearing, the undersigned finds that the emails at issue should have been produced by the Defendant in its Initial Disclosures if the Defendant intended to use these emails to support its defenses. Despite the Defendant's argument at the hearing that it was unaware that the

**Plaintiffs' claims related to lunch/meal break payments, the record clearly supports a finding that Defendant was on notice about the nature of Plaintiffs' claims on this issue as early as mid-December 2008.  Similarly, Defendant's argument that at their depositions Plaintiffs raised "new allegations" in this regard is without merit.  Thus, Defendant has failed to provide any justification for its failure to produce the emails in its Initial Disclosures since the emails clearly would support Defendant's claim or defense that Defendant had failed to properly compensate Plaintiffs for their work during meal times. Nor is there any evidence that Defendant was not in possession of the emails or documents prior to producing them in early-May.  Accordingly, Defendant may not use the withheld documents objected to by Plaintiffs (Bates Nos. NBHD 3917-4143) to support its defenses; but, as explained below, may used them for purposes of impeachment.**

**As an additional basis for exclusion, at the hearing, Plaintiffs contended that the exhibits should be excluded as impeachment exhibits because they were not provided in response to a specific discovery request.  The undersigned disagrees, and, as explained below, finds that they were not clearly the subject of a discovery request.  Rather, the definition of the word "documents" in the Plaintiffs' First Request for Production of Documents did not include the word "emails", and thus Defendant did not have to produce emails in response to the Plaintiffs' requests.  At the hearing, Defendant argued that it did not interpret the discovery request to include emails.  Although the use of the word "documents" could be interpreted to include "emails," in this particular case, Defendant did not act unreasonably in failing to produce emails.  If Plaintiffs wanted emails produced, they should have specifically asked for them when Defendant's response to their request for production did not include a single email.  Thus Plaintiffs**

should have been alerted to the likelihood that Defendant did not read the document definition as including a request for emails.

In addition, as stated in the applicable civil discovery rules set forth above, a party is not required to provide disclosure of information that will be used solely for impeachment purposes. At the hearing, Defendant indicated that the primary need for the documents and emails at issue would be to impeach the Plaintiffs on statements made regarding meal time compensation and their ability to discuss the same with their supervisors. Therefore, to the extent that Defendant seeks to use these documents solely for impeachment purposes, the Defendant may do so as it was not required to disclose those documents in either its Initial Disclosures or in response to the discovery requests propounded by Plaintiffs. Of course, whether those emails are ultimately used or admitted at trial for purposes of impeachment will depend upon the testimony of Plaintiffs and their witnesses.

### ii) Plaintiffs' Two Late Disclosed Witnesses

As to Defendant's Motion to strike Plaintiffs' late disclosed witnesses, Plaintiffs have failed to provide a valid reason for not disclosing the witnesses sooner. Rather, the fact that the newly named witnesses' names appeared on an email that was forwarded to all persons in the Patient Access Department does not explain why Plaintiffs could not have discovered the existence of those fact witnesses prior to seeing their names on the emails. Moreover, the testimony of the newly added witnesses appears to be cumulative as Plaintiffs did not assert that those witnesses would add any additional evidence at trial that could not or would not be obtained from the other nearly forty (40) witnesses that were previously disclosed and are already on the Plaintiffs' witness list. At the hearing, Plaintiffs' counsel could only describe their testimony as

being corroborative of Plaintiffs' claims regarding their lunch breaks. He could not identify any testimony that was not already covered by the numerous other witnesses on the witness list. Further, although the trial has now been continued until June 22, 2009, discovery is already closed. Despite the agreement between the Parties to conduct certain depositions beyond that period, the undersigned credits Defendant's claim that it would hinder Defendant's trial preparation and therefore prejudice Defendant if Defendant had to spend the brief time remaining before trial to conduct discovery on these new witnesses. Thus, when the factors set forth in *Bearint* are applied to the facts herein, (1) the importance of the testimony, (2) the reason for the failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness had been allowed to testify, it is clear that exclusion of the witnesses that Plaintiffs failed to timely disclose is appropriate.

## IV.   CONCLUSION

Based upon the foregoing analysis, it is hereby

**ORDERED AND ADJUDGED** Plaintiffs' Motion to Strike Defendant's Trial Exhibits That Were Not Previously Disclosed (DE # 38) is **GRANTED**, in part, and the exhibits may be used only for purposes of impeachment. It is further

**ORDERED AND ADJUDGED** that Defendant North Broward Hospital District d/b/a Broward Health's Motion to Strike Witnesses from Plaintiffs' Trial Witness List (DE

# 40) is **GRANTED**.  Witnesses Pierre Roc and Thomas DeGraaf are stricken from Plaintiffs' Witness List.

**DONE AND ORDERED** in chambers at Miami, Florida, on May 20, 2009.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable K. Michael Moore, United States District Judge
All counsel of record via CM/ECF