IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61411-CV-MOORE/SIMONTON

PATTIE DEBOSE, et al.,

    Plaintiff,

vs.

BROWARD HEALTH, f/k/a
NORTH BROWARD HOSPITAL DISTRICT,

    Defendant.
_____/

**JOINT STIPULATION FOR BIFURCATION OF THE TRIAL INTO
LIABILITY AND DAMAGES PHASES**

Plaintiffs, PATTIE DEBOSE, EUPHEMIA DUNCAN, YOLANDA MCDUFFIE, LUCILLE MCKINNEY, MARY GLENN-MITCHELL, DAMARIZ PEREZ, and KALISSA ANDERSON-WHILBY (collectively, "Plaintiffs"), and Defendant, NORTH BROWARD HOSPITAL DISTRICT d/b/a BROWARD HEALTH ("Defendant" or "Broward Health"), by and through their respective undersigned counsel, hereby respectfully submit this joint stipulation for bifurcation of trial, in accordance with the representations of counsel at the final pretrial conference that was held on May 12, 2009, regarding the bench trial of this matter, which is currently specially set to commence on June 22, 2009, in Fort Lauderdale, Florida, and in support thereof state:

    1.    Rule 42(b) authorizes a trial court, "[f]or convenience, to avoid prejudice, or to expedite and economize," to order bifurcation of the trial of any claims or issues, so long as such bifurcation does not violate a federal right to a jury trial. Fed. R. Civ. P. 42(b). Rule 42(b) "confers broad discretion on the district court in this area, permitting bifurcation merely 'in

furtherance of convenience.' That is not a high standard . . . ." *Harrington v. Cleburne County Bd. of Ed.*, 251 F.3d 935, 938 (11th Cir. 2001). Moreover, it has long been recognized that "there are times when a suit is triable in separate parts, one affecting the right or liability, and the other affecting the measure of recovery." *Sinclair Refining Co. v. Jenkins Petroleum Process Co.,* 289 U.S. 689, 693 (1933).

2. Here, bifurcation of the issues of liability and damages in this case: (a) will save significant time and resources; (b) will enhance the Court's comprehension of the Parties' claims and defenses; (c) will ensure against the unnecessary presentation of time-consuming financial information, since, *inter alia,* the amount of damages to be awarded will depend exclusively on the claims that survive a determination of liability, if any; and (d) will otherwise best serve the interests of judicial economy in this case.

3. As such, the Parties hereby stipulate to the bifurcation of the trial into a liability phase and a damages phase.

4. In the event the Court approves this stipulation, the Parties further propose that their proposed findings of fact and conclusions of law, which are due no later than three (3) days prior to trial, be likewise bifurcated and limited to the liability issues, with separate proposed findings of fact and conclusions of law to be submitted for the damages phase of the trial, if any.

WHEREFORE, for all of the foregoing reasons, the Parties jointly stipulate and propose that the trial of this matter be bifurcated into a liability phase and, if necessary, a separate damages phase.

DATED this 21st day of May 2009.

CASE NO. 08-61411-CV-MOORE/SIMONTON

Respectfully submitted,

| | |
|---|---|
| /s/ Christopher C. Sharp | /s/ Caran Rothchild |
| Christopher C. Sharp, Esq. | Caran Rothchild, Esq. |
| Fla. Bar No. 996858 | Fla. Bar No. 382700 |
| E-Mail: csharplaw@aol.com | E-Mail: rothchildc@gtlaw.com |
| SHARP LAW FIRM, P.A. | Kristina L. Arnsdorff, Esq. |
| 7350 NW 5th Street | Fla. Bar No. 40596 |
| Plantation, FL 33317 | E-Mail: arnsdorffk@gtlaw.com |
| Telephone: (954) 617-6017 | GREENBERG TRAURIG, P.A. |
| Facsimile: (954) 617-6018 | 401 East Las Olas Blvd., Suite 2000 |
| Counsel for Plaintiffs | Fort Lauderdale, FL 33301 |
| | Telephone: (954) 765-0500 |
| | Facsimile: (954) 765-1477 |
| | Attorneys for Defendant |

*107,336,073v2*