**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-61411-CIV-MOORE-SIMONTON**

**PATTIE DEBOSE, et al.,**

        **Plaintiff,**

**v.**

**BROWARD HEALTH, f/k/a NORTH
BROWARD HOSPITAL DISTRICT,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION
REGARDING DEFENDANT'S APPLICATION FOR BILL OF COSTS**

        Presently pending before the Court is Defendant Broward Health's, f/k/a North

Broward Hospital District, Application for Bill of Costs (DE # 70). The motion is fully briefed

(DE ## 75, 78) and referred to the undersigned Magistrate Judge (DE # 71).  Based upon a

thorough review of the record and for the reasons stated herein, it is RECOMMENDED that

Defendant's Application be GRANTED IN PART AND DENIED IN PART; and, that Defendant

be granted costs totaling $18,035.18 consisting of Service of Summons and Subpoenas

Fees ($682.00), Deposition and Trial Transcripts Fees ($12,536.05), Printing and

Photocopying Expenses ($4377.13), and Witness Fees ($440.00).

        I.        **Background**

        On September 5, 2008, Plaintiff, Pattie Debose, brought this collective action lawsuit

on behalf of herself, and all others similarly situated, requesting unpaid overtime

compensation under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq.* (DE #

1). Seven Plaintiffs were named in the action, all of whom were employed by Defendant

Broward Health as former or current Financial Counselors and other non-exempt clerical

positions in Defendant's Patient Access Department (DE # 67).[1]

On June 22-26, 2009, a five (5) day bench trial was held before the District Court. On March 24, 2010, pursuant to Fed.R.Civ.P. 58, the Court entered an Order of Final Judgment in favor of Defendant Broward Health, and against Plaintiffs (DE # 69).

On April 23, 2010, pursuant to Fed.R.Civ.P. 54(d)(1), 28 U.S.C. § 1920 and Local Rule 7.3, Defendant Broward Health filed the instant application to recover costs in the amount of $20,562.08 (DE # 70). Plaintiffs have filed a response objecting to certain categories of costs sought by Defendant, but they did not dispute that Defendant is the prevailing party under Rule 54 and is thus entitled to tax costs against Plaintiffs.  Accordingly, the Court finds that Defendant is the prevailing party and is entitled to recover costs pursuant to 28 U.S.C. § 1920 and the applicable caselaw.

II.     Legal Framework

The Federal Rules provide that "costs – other than attorney's fees – should be allowed to the prevailing party."  Fed.R.Civ.P. 54(d).  As the Eleventh Circuit has held, "[h]owever, a court may only tax costs as authorized by statute."  *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

Section 1920 "enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)," *Crawford Fitting,* 482 U.S. at 441-42; and, it provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

---

[1] The facts cited from DE # 67 are contained in the Court's Findings of Fact and Conclusions of Law.

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The Local Rules provide that "[t]he bill of costs should attach copies of any documentation showing the amount of costs." S.D. Fla. L.R. 7.3(c).  A bill of costs must be accompanied by sufficient documentation to "allow the court to determine whether the documents were necessarily obtained for use in the case." *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 Fed. Appx. 837, 846 (11th Cir. 2008).

III.    Discussion

A.    Introduction

Defendant requests a total of $20,562.08 in costs, divided into four separate categories: Service of Summons and Subpoenas Fees ($682.00); Deposition and Trial Transcripts Fees ($12,536.05); Printing and Photocopying Expenses ($6,904.03); and Witness Fees ($440.00). Defendant contends that all of its requested expenses are reasonable and properly included in the Bill of Costs.

Plaintiffs acknowledge that Defendant is entitled to an award of costs of $14,622.65, equal to the full requested amount of Witness Fees ($440.00), as well as a portion of the Service of Summons and Subpoenas Fees ($372.00), a portion of Deposition and Trial

Transcripts Fees ($12,084.65), and a portion of Printing and Photocopying Expenses ($1,726.00) (DE # 75). However, Plaintiffs dispute the amount of costs requested for summons and subpoenas fees for five (5) witnesses ($310.00); the deposition transcript of Josephine Paredes ($451.40); the in-house copying rate of $0.15 per page ($2,281.40); and seventy-five percent (75%) of the total requested photocopying expenses ($5,178.02).

For the reasons set forth herein, the undersigned recommends that Defendant be awarded costs totaling $18,035.18 consisting of $440.00 in Witness Fees; $682.00 in Service of Summons and Subpoenas Fees; $12,536.05 in Deposition and Trial Transcripts Fees; and $4,377.13 in Printing and Photocopying Expenses.

            **B.**      **Service of Summons and Subpoenas Fees**

Pursuant to § 1920(1), Defendant requests $682.00 in Service of Summons and Subpoena Fees for eleven (11) individuals ($62.00 per individual process service, comprised of $37.00 for each subpoena and $25.00 for each rush service) (DE # 70-1 at 16-19). The Eleventh Circuit interprets § 1920(1) as providing for the taxation of private process server fees as costs so long as the fees do not exceed the U.S. Marshal's rate of process statutorily permitted in 28 C.F.R. § 0.114. *See W&O,* 213 F.3d at 623-24.

Plaintiffs agree that Defendant is entitled to $372.00 in subpoena and service fees for the six (6) witnesses who actually testified at trial (DE # 75 at 2). Plaintiffs however object to $310.00 in subpoena fees for the five (5) witnesses not called by Defendant as trial witnesses: Betty Johnson; Matilde Raphael; Tricia Ramdhansingh; Jacqueline McLamore; and Juliet Joseph-Hardy (DE # 75 at 2).

Defendant replies that the five disputed witnesses were, at various times throughout the trial, either in physical attendance at court or were on call for trial, but due to timing

constraints, were unable to testify at trial[2] (DE # 78 at 2). Defendant states that in addition to being either in physical attendance at court or on call, Ms. Raphael, Ms. Ramdhansingh, Ms. McLamore, and Ms. Joseph-Hardy were designated in Plaintiffs' Trial Witness List (DE # 37-1 at 2-3), and were designated specifically as "Witnesses Expected To Be Presented At Trial" in Defendant's Trial Witness List (DE # 39-1). Defendant therefore asserts it should be awarded the entire $682.00 requested in Service of Summons and Subpoenas Fees.[3]

A party may recover a subpoena fee for each subpoena served on a witness that the party believed was reasonably necessary to the litigation. *See W&O*, 213 F.3d at 621-24 (applying a reasonably necessary analysis to witness fees, deposition costs, and copying costs). The Court finds Defendant could have reasonably believed that the five witnesses were necessary to the litigation due to their designation on both Plaintiffs' Trial Witness List (DE # 37-1 at 2-3) and as "Witnesses Expected To Be Presented At Trial" in Defendant's Trial Witness List (DE # 39-1). Therefore, the undersigned recommends that Defendant be granted all eleven (11) subpoena fees because it was reasonable for Defendant to believe that the eleven (11) individuals were necessary to the litigation.

Since the only objection raised regarding this category of costs has been rejected, it

---

[2] For example, Defendant states that Ms. Johnson was in physical attendance at court or on call during the first four days of trial; however, she was undergoing a medical procedure on June 26, 2009 when Defendant attempted to call her to testify (DE # 78 at 2 n.1). Defendant's counsel informed the Court of Ms. Johnson's unavailability during the trial on June 26, 2009 (DE # 63 at 267).

[3] Defendant additionally cites to *Morris v. Carnathan*, 63 F.R.D. 374, 377 (N.D. Miss. 1974), for its proposition that the subpoenas and summons fees for the five witnesses are properly included in the Bill of Costs and are awardable (DE # 78 at 2-3). Defendant's citation to *Morris* is not binding on this Court and additionally, the quoted argument refers to witness fees under § 1920(3) and not the disputed summons and subpoena charges under § 1920(1), and thus is not applicable to Defendant's request for fees pursuant to that section.

is recommended that Defendant be awarded a total of $682.00 in Service of Summons and Subpoenas Fees.

          **C.**        **Deposition and Trial Transcripts Fees**

Defendant requests $12,536.05 consisting of $7,776.85 in deposition transcript costs and $4,759.20 in trial transcript costs pursuant to § 1920(2). Plaintiffs agree that Defendant is entitled to the full value of $4,759.20 in trial transcript costs. However, Plaintiffs assert that Defendant is entitled only to $7,325.45 in deposition transcript costs (DE # 75 at 2-3). Specifically, Plaintiffs object to the $451.40 requested for Josephine Paredes'[4] deposition transcript taken on June 4, 2009 because Ms. Paredes was never called as a trial witness by either party (DE # 75 at 3). Plaintiffs cite to *Pate v. General Motors Corp.*, 89 F.R.D. 342 (N.D. Miss. 1981), for the proposition that a prevailing party is entitled to recover deposition costs necessarily obtained for the use of all parties with respect to critical fact witnesses, except for those who are not called as witnesses or those who testified as expert witnesses whose fees were above subsistence and travel allowable (DE # 75 at 3).[5]

Defendant replies that the Eleventh Circuit has held that under § 1920, a party is entitled to recover deposition fees that were necessarily obtained for use in the case. *W&O,* 213 F.3d at 620 (citing *U.S. v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963)) (DE # 78 at 3). Defendant argues it is entitled to Ms. Paredes' deposition costs because she was a key

---

[4] Defendant states that Ms. Paredes is f/k/a "Montes De Oza" and asserts that her name is misspelled in certain trial transcripts as "Mundezdioga" (DE # 78 at 3). Defendant also points to Plaintiffs' Initial Disclosure (DE # 44-1 at 1 at ¶ (A)(3)) in reference to Ms. Paredes; however, the citation direction points to the name "Jose Montenegro." Plaintiffs do not address this issue. For the purpose of resolving the instant motion, the Court will assume that Defendant's reference to "Jose Montenegro" is in reference to Ms. Paredes.

[5] *Pate* is not binding on this Court and is distinguishable from the Eleventh Circuit holding that deposition fees are recoverable as noted below.

witness throughout the case and her deposition was necessarily obtained for use in the case, notwithstanding the fact that Ms. Paredes was unable to testify when she was actually called during the trial[6] (DE # 78 at 4). Defendant also points out that Ms. Paredes was specifically designated in Plaintiffs' Trial Witness List (DE # 37-1 at 2), Plaintiffs' Initial Disclosures (DE # 44-1 at 1), and Defendant's Trial Witness List (DE # 39-1 at 4). Defendant argues that the deposition transcripts were listed as exhibits for trial (DE # 39-2) and it attempted to have Ms. Paredes' transcript admitted into evidence (DE # 78 at 5). Additionally, Defendant asserts Plaintiffs failed to show that any portion of Ms. Paredes' deposition was not related to an issue present in the case at the time of her deposition. *W&O*, 213 F.3d at 621 (quoting *Independence Tube Corp. v. Copperweld Corp.,* 543 F. Supp. 706 at 718 (N.D. Ill. 1982)) (DE # 78 at 4). Thus, Defendant argues Ms. Paredes' deposition transcript was necessarily obtained for use in the case, and the deposition costs should be awarded in full (DE # 78 at 5).

The Eleventh Circuit has held that a party is entitled to recover deposition costs that were reasonably necessary, even if the deposition was not used at trial. *See W& O*, 213 F.3d at 622 ("We find more persuasive the view of the courts that do not bar taxation of costs for depositions of parties but, instead, look to whether the depositions were reasonably necessary"); *Zokaites v. 3236 NE 5th Street, Inc.,* 2008 WL 4792451, at *3 (S.D. Fla. October 31, 2008) (finding a deposition transcript taxable even though it was not admitted into evidence or used in trial because the deposition was still necessarily obtained for use in the case). Many courts have found that deposition transcripts not used in trial are nonetheless necessarily obtained when the deposition relates to an issue that was present

---

[6] Defendant notified the Court during trial on June 26, 2009 that Ms. Paredes (indicated as "Ms. Mundezdioga" in the trial transcript) was unavailable because she was at work at another job (DE # 63 at 267).

in the case at the time the deposition was taken. *See W&O*, 213 F.3d at 621 (quoting *Independence Tube Corp. v. Copperweld Corp.,* 543 F. Supp. 706 at 718 (N.D. Ill. 1982)); *Lovett v. KLLM, Inc.,* 2007 WL 983192, \*at 6 (N.D. Ga. Mar. 26 2007). The non-prevailing party bears the burden of demonstrating the deposition was unrelated to an issue present in the case at the time of the deposition. *W&O*, 213 F.3d at 621 (citing *Independence Tube*, 534 F. Supp. at 718). Additionally, the Court has upheld the reasonableness of awarding deposition costs for a deponent listed on the losing party's witness list. *W&O*, 213 F.2d at 621.

Upon review of the record, the undersigned finds that Ms. Paredes' deposition was necessarily obtained as statutorily required under § 1920(2). As correctly noted by Defendant, Ms. Paredes was designated by Plaintiffs as a "[w]itness[ ] likely to be called by Plaintiffs" in Plaintiffs' Trial Witness List (DE # 37-1 at 2) and "[w]itness[ ] likely to have discoverable information" in Plaintiff's Initial Disclosures (DE # 44-1 at 1). Thus, it was reasonably necessary for Defendant to incur costs for the deposition of Ms. Paredes. Furthermore, the undersigned finds that Defendant is correct in its argument that Plaintiffs fail to point to any portion of Ms. Paredes' deposition that was not related to an issue at the time of her deposition.

The Court finds that Ms. Paredes' deposition transcript costs ($451.40) were necessarily obtained for use in the case under § 1920(2) and should not be deducted from Defendant's requested deposition costs. The undersigned thus recommends that the costs incurred for the deposition transcripts costs ($7,776.85 including the $451.40 for Ms. Paredes' deposition) and the trial transcripts ($4,759.20) be awarded in full because they were necessarily obtained for use in the case.

Since the only objection filed by Plaintiffs has been rejected, it is therefore

8

recommended that Defendant be awarded the claimed amount of $12,536.05 for deposition and transcript fees.

> **D.**     <u>Printing and Photocopying Expenses</u>

Pursuant to § 1920(4), Defendant requests $6,904.03 in Printing and Photocopying Expenses, including $3,422.10 for In-House Printing and Copying (for 22,814 copies) and $3,541.93 for Off-Site Printing and Copying (for 28,603 copies). Plaintiffs object to this requested amount and argue the copying costs should be reduced by seventy-five percent (75%) to $1,726.00  (DE # 75 at 3-6). Plaintiffs contend that the invoices of copies are insufficient because they fail to "describe in detail all reimbursable expenses" as required by Local Rule 7.3.[7]  Plaintiffs further assert that photocopying reimbursement is typically denied when defendants fail to differentiate between copies necessarily obtained for use in the case and those for convenience, *Desisto College, Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 914 (M.D. Fla. 1989) (DE # 75 at 4-5). Additionally, in regards to the in-house copies, Plaintiffs object to the $0.15 rate as excessive for in-house copies (DE # 75 at 4).

Defendant replies that the disputed off-site copying charges of $3,541.95 (comprised of four invoices for $180.88, $714.76, $156.99, and $2,489.30) were charges for copying pleadings, discovery, and documents that were provided to Plaintiffs and prepared for the Court's consideration in compliance with the Court's Paperless Pretrial Order (DE # 4) and Defendant's initial disclosure obligations under Fed.R.Civ.P. 26(a)(1)(A)(I-iv) (DE # 78 at 5). Defendant argues that the copies were necessarily provided to Plaintiffs and the Court and therefore were not for the mere convenience of Defendant's counsel (DE # 78 at 6-7). Thus,

---

[7] This reference is to the prior Local Rule, which was amended effective April 1, 2010. Local Rule 7.3(c), which is applicable to the present Bill of Costs, requires the attachment of "copies of any documentation showing the amount of costs."

Defendant argues that since costs associated with copying documents to provide to the court are reimbursable (citing to *Wells v. Xpedx, A Div. of Int'l Paper Co.,* 2007 WL 4206684, at *2 (M.D. Fla. Nov. 27, 2007))  and a prevailing party may recover copy costs for documents produced to opposing counsel (citing to *W&O,* 213 F.3d at 622-23 and *Desisto College*, 718 F. Supp. at 913), the full amount for the cost of copies should be awarded to Defendant (DE # 78 at 6).

   Finally, Defendant argues that a $0.15 rate per copy charge is within the Eleventh Circuit's reasonable range of $0.10 to $0.15 per page rate (citing to *Ferguson v. Bombardier Serv. Corp.,* 2007 WL 601921, at *6 (M.D. Fla. Feb. 21, 2007)).

   Section 1920(4) provides for the taxation of costs for fees for exemplifications and copies of papers necessarily obtained for use in the case. Pursuant to this section, photocopies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are all recoverable, but copies obtained only for the convenience of counsel are not. *DeSisto College,* 718 F. Supp. at 913. Further, "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O*, 213 F.3d at 623. Upon review of Defendant's invoices (DE # 70-1), combined with the explanation provided in Defendant's reply, and a review of the record as a whole, the undersigned finds that the off-site printing costs of $3,541.93 are recoverable.  An independent review of the record as a whole, including the exhibit lists, supports the detailed claim made by Defendant with respect to these costs.  However, the Court finds that Defendant has failed to provide sufficient detail to determine that the in-house copies were necessarily obtained for use in this case, except for the 8,352 pages that were copied in response to Plaintiffs' discovery requests.  The

mere assertion that the copies were reasonably necessary for the various purposes listed, without providing more specific guidance is insufficient.  For example, it is not necessary to make copies of pleadings and motions since those documents are electronically filed and may be electronically stored and retrieved.  In addition, Defendant includes copies of "exhibits" in its list of items which cover the remaining in-house copying costs, and many of the copies claimed may have been additional copies of exhibits for which Defendant has already been compensated.  Thus undersigned finds it is impossible to tell what copies (in addition to the 8,352 in-house copies allowed, and the off-site copies) were reasonably necessary and what copies were made for convenience of counsel.  In this era of electronic records and documents, hard copies of documents frequently are now made only for the convenience of counsel.

The Court is accorded "great latitude and discretion" in the determination of whether a cost was necessarily obtained. *Kolestar*, 313 F.2d at 840. Based upon a review of the entire record in this case, the undersigned has determined that only half of the claimed copies are justified. Therefore, the undersigned recommends that Defendant's requested copy amount for in-house copying be reduced to 8,352 pages with respect to in-house copies.

With respect to the in-house copying fee of $0.15 per page, the Court agrees with Plaintiffs that the fee is excessive. While the *Ferguson* Court stated that $0.10 to $0.15 per page is a reasonable rate for reimbursable copying costs, 2007 WL 601921, at *6, it should not be construed to permit a party to charge the maximum $0.15 per page, notwithstanding the actual cost of the copies. Indeed in this case, the In-House copying fee of $0.15 is more expensive than the reasonable off-site copying rates ($0.12, $0.11, $0.10, and $0.12 per page) (DE # 70-1 at 37, 39, 41, 43). Hence, the Court in its discretion finds that the in-house

copying rate of $0.15 is unreasonable and should be reduced to $0.10 per page. Defendant is entitled to $835.20 (8,352 copies at $0.10 per copy) for in-house copying costs.

It is therefore recommended that Defendant be awarded a total of $4,377.13 for copying costs, comprised of a reduced amount of $835.20 for in-house copying and $3,541.93 for off-site copying.

### E.    Witness Fees

Pursuant to § 1920(3), Defendant requests $440.00 in Witness Fees for eleven (11) individuals (at $40.00 each). Plaintiffs do not dispute that Defendant is entitled to the full value of $440.00 in Witness Fees (DE # 75 at 3).

The undersigned recommends that Defendant be awarded $440.00. Under 28 U.S.C. § 1821(b), a witness shall be paid an attendance fee of $40.00 per day; thus, Defendant's witness fees meet the statutorily permitted fee.

### IV.    Conclusion

Therefore, for the reasons stated above, it is hereby

**RECOMMENDED** that Defendant's Request for Bill of Costs (DE # 70) be

**GRANTED IN PART AND DENIED IN PART** and that Defendant be awarded costs totaling $18,035.18, consisting of Service of Summons and Subpoenas Fees ($682.00), Deposition and Trial Transcript Fees ($12,536.05), Printing and Photocopying Expenses ($4,377.13), and Witness Fees ($440.00).

The parties shall have fourteen (14) days from the service of this Report and Recommendation to file written objections to this Report and Recommendation. S.D. Fla. Magistrate Judge Rule 4(b). Failure to file objections timely shall bar the parties from

attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988).

**DONE AND SUBMITTED** in chambers in Miami, Florida on July 15, 2010.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**The Honorable K Michael Moore,**
**United States District Judge**
**All counsel of record**